■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. PATRICK GROWICH, Appellant.— Appeal by defendant from a judgment of the Supreme Court, Queens County, rendered January 29, 1971, convicting him of robbery in the second degree and grand larceny in the third degree, upon a jury verdict, and imposing sentence. Judgment reversed, on the law, and new trial ordered. The findings of fact below are affirmed. At the trial the complaining witness refused to identify defendant as one of the perpetrators of the crime and testified further that defendant was not one of the perpetrators. When shown the affidavit he had signed in which he said defendant was one of the robbers, he testified that when he signed it he did not know it so charged defendant. After the other victim of the crime identified defendant, a detective was called and testified that the complainant had previously identified defendant from photographs he was shown and had further identified him in a lineup. The detective further testified that during a court appearance the complainant had stated about defendant: " He's got some nerve, he's wearing the same clothes,

he's dressed the same way when he stuck me up." Timely objection to the detective's testimony was taken. Defendant produced an alibi witness. In his summation the Assistant District Attorney asked the jury to accept the detective's testimony concerning the alleged prior identification as true. He further stated that it was obvious that something had happened to get complainant to change his story. In its charge, the trial court told the jury that it was for them to determine whether the complainant was telling the truth on the stand or whether he was telling the truth when he swore to the complaint. The court further charged that the jury should consider whether the contents of the original statement to the police were the facts or whether the present testimony was the fact. In our opinion, the detective's testimony concerning the complainant's pretrial identification of defendant violated sections 8-a and 393-b of the Code of Criminal Procedure and under the facts of this case requires a reversal (*People* v. *Trowbridge*, 305 N. Y. 471; *People* v. *Purtell*, 243 N. Y. 273; *People* v. *Kasulka*, 26 A D 2d 653). In addition, error was committed when the detective testified that part of the prior identification had been of photographs (*People* v. *Cioffi*, 1 N Y 2d 70; *People* v. *Caserta*, 19 N Y 2d 18). The errors discussed above were compounded when both the trial court in its charge and the Assistant District Attorney in his summation treated the detective's testimony as direct evidence of the facts, as opposed to merely impeaching evidence affecting credibility only (*People* v. *Freeman*, 9 N Y 2d 600, 605; *People* v. *Ferraro*, 293 N. Y. 51, 56). Insofar as the Assistant District Attorney indicated in his summation that something had happened to get the complainant to change his story, he further prejudiced defendant's right to a fair trial (*People* v. *Marino*, 288 N. Y. 411, 417–418). Finally, it should be noted that the court which conducted the pretrial hearing to suppress the identifications failed to make findings or state the facts it relied upon in denying suppression. In view of this, before a new trial is held a new hearing should be held where the court will make the required findings (*People* v. *Lombardi*, 18 A D 2d 177, affd. 13 N Y 2d 1014; *People* v. *Lopez*, 19 A D 2d 809; see, also, CPL 710.60, subd. 6, and the Practice Commentary thereon in McKinney's Cons. Laws of N. Y., Book 11A). Martuscello, Acting P. J., Shapiro, Christ, Brennan and Benjamin, JJ., concur.